**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JEFFREY KOOY,                         :
                                      :   Civil Action No. 05-3169 (MLC)
            Plaintiff,                :
                                      :
     v.                               :   **MEMORANDUM OPINION**
                                      :
RONALD H. CATHEL, et al.,             :
                                      :
            Defendants.               :

**APPEARANCES:**

Plaintiff pro se
Jeffrey Kooy
#484396
New Jersey State Prison
P.O. Box CN-861
Trenton, NJ 08625

**COOPER**, District Judge

     Plaintiff, Jeffrey Kooy, a prisoner confined at New Jersey State Prison, seeks to bring this action in forma pauperis under 42 U.S.C. § 1983. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

     The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.[1]

## I.   BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he is a member of a minority racial class and that he is Jewish.  In December 2004, Plaintiff appeared before the New Jersey State Parole Board.  Plaintiff alleges that the defendants here conspired, based upon his race and religion, to deprive him of parole.

He was granted a re-hearing upon appeal.  Plaintiff alleges that, in furtherance of the race- and religion-based conspiracy, Defendant Cathel failed to notify him of the re-hearing date, and Defendant Oskay referred the re-hearing to a different panel than that which had heard the original determination, contrary to established procedures.  The re-hearing took place without Plaintiff's participation and resulted in a parole denial.

Plaintiff further alleges that certain false or incorrect information was presented to the Parole Board.  He also alleges that Defendants Hendricks and Crist failed to provide him with a

---

[1] Plaintiff also asserts jurisdiction under the federal habeas statute, 28 U.S.C. § 2254.  As Plaintiff fails to allege that he has appealed the denial of parole to the New Jersey Appellate Division, his claims do not appear to be exhausted. The habeas claim must be dismissed without prejudice.  See 28 U.S.C. § 2254(b).

copy of their filed parole reports, which allegedly contained the false information. Plaintiff challenges the merits of the decision to deny parole.

Plaintiff names as defendants New Jersey State Prison warden Ronald H. Cathel, Roy E. Hendricks, Facility Parole Officer N. Crist,, Appeals Unit Chief Edward Oskay, and the members of the re-hearing panel.

Plaintiff seeks compensatory and punitive damages for the violations of the defendants, compensatory relief of $200 per day for his allegedly wrongful incarceration after the denial of parole, a full evidentiary hearing, and release from custody.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a court may not dismiss the complaint with prejudice, and must grant an opportunity to amend.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

III. SECTION 1983 ACTIONS

A plaintiff — to state a claim for relief under § 1983 — must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. ANALYSIS

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F.Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

The New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. N.J. State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); N.J. State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  These cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence

5

in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Watson v. DiSabato, 933 F.Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decision, including notice of determination, statement by government, and opportunity to submit written response).

> The due process that is required here
>
> is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons. No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211. Due process does not require a hearing to be held in exact accordance with the time period specified by the applicable New Jersey statutes. See Burgos v. N.J. State Parole Board, 2000 WL 33722126, at *8 (D.N.J. Aug. 7, 2000). In addition, while delay for an extended period of time may violate a prisoner's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." Id. at *8-*9. See also Johnson v. Paparozzi, 219 F.Supp.2d 635, 642 (D.N.J. 2002).

This is not to say that every allegation of a constitutional violation in parole proceedings is the proper subject for an action under § 1983. In a series of cases beginning with Preiser

6

v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

> executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

In <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied <u>Preiser</u> and <u>Heck</u> to a state prisoner action seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the

8

restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-48.

Thus, for example, when a dispute "goes <u>only</u> to the manner in which the Board has considered plaintiff's parole, and [when] plaintiff does not claim that the review process must actually lead to his parole or to an earlier parole eligibility date, plaintiff's claim may proceed under 42 U.S.C. § 1983." <u>Johnson v. Fauver</u>, 786 F.Supp. 442, 445 (D.N.J.) (emphasis added), <u>aff'd</u>, 970 F.2d 899 (3d Cir. 1992); <u>see also</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985) (suit properly brought under § 1983 when it sought <u>only</u> equal application of statutory furlough eligibility criteria, not release from incarceration); <u>Salaam v. Consovoy</u>, No. 99-5692, 2000 WL 33679670, *2 (D.N.J. April 14, 2000) (claim properly may be brought as § 1983 action when plaintiff is neither seeking earlier parole eligibility date, nor challenging parole board's calculation of eligibility date).

Plaintiff challenges both the procedures pursuant to which the Parole Board denied him parole <u>and</u> the decision, seeking, as relief, "an Order of forfeiture of the State of New Jersey's custody and commitment rights over the Plaintiff for his current New Jersey Sentence." Accordingly, Plaintiff does not challenge

9

<u>only</u> the procedure and ask for a new hearing; he seeks release. As noted above, Plaintiff's challenge to the constitutionality of his current confinement and his related request for release must be brought as a habeas action following exhaustion of his state remedies. Plaintiff's action for damages for allegedly wrongful incarceration arising out of the denial of parole is premature until such time as his incarceration has been invalidated through habeas or other appropriate means.

## V. <u>CONCLUSION</u>

The Complaint would ordinarily be subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. But it is conceivable that Plaintiff may be able to amend his pleading to state a claim. Thus, the Court will grant Plaintiff leave to file an amended complaint.[2] An appropriate order follows.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[2] When an amended complaint is filed, the original complaint no longer performs any function and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. <u>Id.</u> To avoid confusion, the plaintiff must file an amended complaint that is complete in itself. <u>Id.</u>