## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

JEFFREY KOOY,                    :
                                :    Civil Action No. 05-3169 (MLC)
            Plaintiff,          :
                                :
        v.                      :    **MEMORANDUM OPINION**
                                :
RONALD H. CATHEL, et al.,       :
                                :
            Defendants.         :


Appearances:

Jeffrey Kooy, Plaintiff pro se
#484396
SBI # 925532B
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER,** District Judge

     Plaintiff Jeffrey Kooy is a prisoner confined at New Jersey

State Prison who seeks to bring this action pursuant to 42 U.S.C.

§ 1983 alleging violations of his constitutional rights in the

denial of parole.  By Opinion and Order (dkt. entry nos. 3, 4)

entered February 28, 2006, this Court dismissed Plaintiff's claim

under 28 U.S.C. § 2254 and granted him leave to file an amended

complaint by April 17, 2006.

     This matter comes before the Court pursuant to Plaintiff's

Application [6] for Pro Bono Counsel under 28 U.S.C.

§ 1915(e)(1).  Plaintiff has not filed an amended complaint.

### I.  ANALYSIS

     Indigent persons raising civil rights claims have no

absolute constitutional right to counsel.  Parham v. Johnson, 126

F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

In considering the first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Also, courts should consider whether the plaintiff has access to resources such as a typewriter, photocopier, telephone, and computer.  Id.

"Where the legal issues are complex, it will probably serve everyone involved if counsel is appointed."  Parham, 126 F.3d at

2

459 (citing Tabron, 6 F.3d at 156 and Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (where law not clear, "it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")).

In considering the ability of a plaintiff to investigate the facts, courts "should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules." Parham, 126 F.3d at 460.

In considering the credibility factor, "courts should determine whether the case was solely a swearing contest."  Id.

The necessity of an expert witness "weighs heavily in favor of appointment of counsel."  Id.  Finally, where other factors weigh in favor of appointment of counsel, evidence that a plaintiff has made extensive unsuccessful efforts to obtain counsel weighs heavily in favor of appointment.  Id. at 461.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time.  As a preliminary matter, Plaintiff has not presented a claim with merit in fact and in law.  To the contrary, the claim was dismissed and Plaintiff was granted leave to file an amended complaint.  In the previous Opinion, the Court explained the law applicable to the allegations made by Plaintiff, outlined the specific deficiencies in Plaintiff's attempt to state a claim, and directed him to relevant case law.

In his request for appointment of counsel, Plaintiff merely expresses disagreement with the conclusion of the Court that the Complaint failed to state a claim.  He fails, however, to address any of the factors informing the decision whether to appoint counsel.  Plaintiff has failed to establish that the legal or factual issues are so complex that he requires counsel.  He has failed to establish the need for expert witnesses.  He has failed to address his education level and litigation experience.  In the absence of information suggesting a meritorious claim and inability to present the case, Plaintiff has not established the need for appointment of counsel.

II.  <u>CONCLUSION</u>

For the foregoing reasons, the application for appointment will be denied.  Because Plaintiff has failed to file an amended complaint, the Complaint will be dismissed.

    s/ Mary L. Cooper    
**MARY L. COOPER**
United States District Judge
