**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                     :
JEFFREY KOOY,                        :
                                     :   Civil Action No. 05-3169 (MLC)
              Plaintiff,             :
                                     :
         v.                          :   OPINION
                                     :
RONALD H. CATHEL, et al.,            :
                                     :
              Defendants.            :
                                     :
```

**APPEARANCES**:

Jeffrey Kooy, Plaintiff pro se
Mid-State Correctional Facility
P.O. Box 866, Range Road, Wrightstown, NJ 08562

**COOPER**, District Judge

Plaintiff, a prisoner, seeks to bring this action in forma pauperis for constitutional violations under 42 U.S.C. § 1983.

I.  BACKGROUND

Plaintiff filed a Complaint in this Court in 2005, wherein he alleged generally that the defendants violated state law and otherwise deprived him of his due process rights in connection with his parole hearings, and he challenged the merits of the decision to deny parole. Plaintiff named as defendants New Jersey State Prison Warden Ronald H. Cathel, Roy E. Hendricks, Facility Parole Officer N. Crist, Appeals Unit Chief Edward Oskay, and the members of the re-hearing panel. Plaintiff sought damages for violations of due process, compensatory relief of $200 per day for his allegedly wrongful incarceration after the denial of parole, a full evidentiary hearing, and release from custody.

By Opinion and Order entered February 28, 2006, this Court found that Plaintiff had failed to state a claim and granted him leave to amend. More specifically, this Court found that any claim for damages was premature until such time as the parole decision was otherwise invalidated, and held that the claim for release must be brought as a petition for writ of habeas corpus under 28 U.S.C. § 2254 following exhaustion of state remedies. Plaintiff was granted leave to file an amended complaint by April 17, 2006. He failed to file such an amended complaint and, by Order entered May 19, 2006, this Court dismissed the complaint.

This Court then extended Plaintiff's time to file an amended complaint. Plaintiff has submitted a proposed Amended Complaint and this Court must now review it to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## II.   ANALYSIS

Plaintiff alleges in the Amended Complaint — as in the original Complaint — that the defendants have violated state law and constitutional due process rights in the proceedings that led to the denial of parole and the administrative appeal of that denial by, for example, failing to correct inaccurate information in his file and failing to produce him for a hearing.[1] In the

---

[1] The factual allegations taken from the Amended Complaint are accepted as true for purposes of this review.

Amended Complaint — as in the original Complaint — Plaintiff challenges the merits of the decision to deny him parole, which he characterizes as arbitrary, capricious, and unsupported by evidence.  The defendants in the Amended Complaint are the same as those in the original Complaint.  Again, Plaintiff seeks damages for violations of due process and for his allegedly wrongful incarceration after the denial of parole, and he seeks release.

This Court does not construe the Amended Complaint as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as Plaintiff is pursuing such a remedy separately.  See Kooy v. Sherrer, No. 07-895 (DMC).

The Amended Complaint fails to cure the deficiencies identified in the original Complaint.[2]  In the previous Opinion, this Court traced the history of such cases as Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"), and Heck v. Humphrey, 512 U.S. 477 (1994), in which the

---

[2] The Amended Complaint contains more factual detail than the original Complaint.  The deficiency of the Complaint, however, was not a lack of factual specificity, but was the premature nature of the claim, and the deficiency is not cured by the inclusion of additional facts detailing the events surrounding the parole proceedings.

3

Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  More recently, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court held that claims challenging the validity of general parole procedures are cognizable under § 1983, so long as the prisoner does not seek injunctive relief ordering his immediate or speedier release into the community, but rather seeks merely a new eligibility review or parole hearing.

Plaintiff does not challenge the validity of general parole procedures here, but alleges that the procedures employed in his parole proceeding violated state law and the Constitution and he specifically seeks release from confinement.  The Amended Complaint must be dismissed without prejudice as premature until such time as the parole decision is otherwise invalidated through state administrative or judicial procedures or a federal habeas corpus action.

### III.  CONCLUSION

The Amended Complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  Plaintiff cannot cure the deficiencies

4

of the Amended Complaint by any further amendment at this time. The Court will issue an appropriate order and judgment.

                                        s/ Mary L. Cooper
                                   **MARY L. COOPER**
                                   United States District Judge